110 So.2d 639

**AMERICAN TERMITE CONTROL CO., Inc.**

v.

**Scott P. DAVIS and Rubye K. Davis.**

6 Div. 633.

Court of Appeals of Alabama.

March 31, 1959.

Parsons, Wheeler & Rose, Malcolm L. Wheeler, Birmingham, for appellant.

Walter Emmett Perry, Jr., and Caesar B. Powell, Birmingham, for appellees.

CATES, Judge.

The Davises, husband and wife, brought an action for damages for breach of contract involving certain repairs upon their residence in Birmingham, under which it was claimed that American Termite Control Co., Inc., hereinafter called American, allegedly agreed to render termite treatment, replace all defective sub-flooring and sills, replace collapsed shims under the main sills, install a doorway between the living room and bedroom, extend the chimneys and top them with terra cotta, install a main full length sill and an auxiliary sill, rebuild the front porch, and install new steps, "all of which said work was warranted and guaranteed to be performed in a complete and workmanlike manner."

Mr. Davis testified that he had come to the conclusion that the floors of his home needed to be leveled up and certain repairs and replacements needed to be made. He testified that he telephoned Mr. K. K. Sparks, President of American, and the latter said he would send Mr. Lloyd Hawkins to inspect the Davis residence.

Mr. Hawkins testified that an inspection revealed that there was "too much repair work for me to do," and, accordingly, he called Mr. Leo Hail. Apparently, Davis, Hawkins and Hail went about the house and examined various portions which Davis wanted repaired and renovated. Whereupon, Hawkins and Hail repaired to Hawkins' automobile. Estimates were given to Davis by Hawkins, Hail remaining silent, and Davis agreed with Hawkins for the work to be done at that price, a total of $1,208. Asked on cross-examination if $150—being the estimate for termite treatment—was separate or part of the contract,

Davis testified, "It was. It was a package deal."

When the work was completed sometime in November, 1954, Hawkins prepared, on the stationery of American, a complete invoice, including the work done by Hail, with a total cost for all work of $1,208. Hawkins requested that this be paid in two separate checks, one to be made payable to American in the amount of $150, and another to be made payable to Hail in the amount of $1,058. Davis then purchased two cashier's checks payable to himself and the two payees as requested by Hawkins. Hail paid Hawkins a commission for the Davis job.

■ There was enough evidence from which the jury could have inferred that, under the aegis of Hawkins, there was an agreement by Davis to have the work performed by him, looking to Hawkins—who had been sent to him by American—as the sole responsible individual in the transaction.

The work done by Hail was largely unsatisfactory, and Davis produced a witness, Mr. Jack Seale, who had examined the finished product and claimed it would cost from $550 to $700 to correct the defects and replace it in a workmanlike manner.

This was the only evidence as to damages.

The jury proceeded to give judgment in favor of the Davises in the amount of $1,000.

■ We consider that there was not sufficient evidence of damages to support this verdict. Indeed, Mr. Seale's testimony as to the costs of redoing the work has such a spread between the maximum and minimum that it would be unfair for us to consider an affirmance with a remittitur.

Accordingly, the judgment below is due to be reversed and the cause remanded for a new trial.

Reversed and remanded.